**15-25-00032-CV**

ACCEPTED
15-25-00032-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/21/2025 12:57 AM
CHRISTOPHER A. PRINE
CLERK

NO. _____

IN THE FIFTEENTH DISTRICT COURT OF APPEALS FOR THE STATE OF TEXAS AT AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/21/2025 12:57:06 AM
CHRISTOPHER A. PRINE
Clerk

**Nonparty Patient No. 1, Nonparty Patient No. 2, Nonparty Patient No. 3
Nonparty Patient No. 4, Nonparty Patient No. 5, Nonparty Patient No. 6,
Nonparty Patient No. 7, Nonparty Patient No. 8, Nonparty Patient No. 9,
Nonparty Patient No. 10, and Nonparty Patient No. 11,**
*Relators*

On Petition for Writ of Mandamus
From the 493rd District Court at Collin County, Texas,
Cause No. 4 93-08026-2024
The Honorable Judge Christine A. Nowak, Presiding

## DECLARATION OF WILLIAM M. LOGAN
## IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

Jervonne D. Newsome (Lead Counsel)
Texas Bar No. 24094869
jnewsome@winston.com
Thanh D. Nguyen
Texas Bar No. 24126931
tdnguyen@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
Texas Bar No. 24106214
wlogan@winston.com
Evan D. Lewis
Texas Bar No. 24116670
edlewis@winston.com
Olivia A. Wogon
Texas Bar No. 24137299
oawogon@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

1. My name is William M. Logan. I represent Relators in this Petition for Writ of Mandamus. I am a member in good standing of the State Bar of Texas. I provide this Declaration in support of Relators' Petition for Writ of Mandamus. I have personal knowledge of the facts stated herein, and I could and would testify thereto if called as a witness in this matter.

2. On March 20, 2025, Respondent held a hearing in the 493rd District Court regarding several issues pending before it in the underlying litigation.

3. Of relevance to this Petition, Respondent ruled that Children's must produce the unrepresented patients' medical records to the counsel for the doctors beginning March 21, with rolling productions to continue thereafter. This must occur even though the Hospital Systems suggested certain records commingled the unrepresented patients' records with Relators'.

4. Respondent further ruled that Children's must produce Relators' medical records to the counsel for Relators (not the State) beginning March 21. On April 16, the Collin County court will conduct an *in camera* review of decide whether undersigned counsel shall turn over Relators' medical records to the State.

5. Finally, Respondent ruled that UT Southwestern will produce no records because of a pending issue regarding which attorney will represent UT Southwestern. However, once that is resolved, UT Southwestern will proceed on

the same track as Children's when it comes to the unrepresented patients' records and Relators' records.

6.      At the hearing, counsel for Relators orally moved Respondent to reconsider its rulings, particularly in light of the fact that Relators have serious concerns that production of the unrepresented patients' documents seriously jeopardizes the privileges asserted by Relators.  This is because the represented patients' documents are very likely comingled with the unrepresented patients' documents.  This matter is also pending before the Dallas Court.

7.      The Court denied this motion.


I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on the 20th day of March, 2025.

/s/ *William M. Logan*

William M. Logan